UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CIV-80410-COHN/SELTZER

YMAX CORPORATION, YMAX
COMMUNICATIONS CORP., MAGICJACK LP
and TIGER JET NETWORK, INC.,

    Plaintiffs,

v.

VXI CORPORATION,

    Defendant.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Defendant's Motion to Substitute Party [DE 23], Defendant's Motion to Dismiss [DE 27], Plaintiffs' Notice of Voluntary Dismissal [DE 30], Defendant's Objection to the Notice [DE 31], Plaintiffs' Response to the Defendant's Objection [DE 32], Defendant's Reply regarding its Objection [DE 34], Plaintiffs' Responses to the Motion to Substitute and Motion to Dismiss [DE's 35 and 36], and Defendant's Replies in Support of the Motion to Substitute and Motion to Dismiss [DE's 39 and 40]. The Court has carefully considered the filings is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiffs filed this action seeking a declaratory judgment of non-infringement and patent invalidity against Defendant VXI Corporation ("VXI" or "Defendant"), a patent holder. The action was served upon Defendant on May 6, 2010 [DE 18]. On May 25, 2010, Defendant moved for an extension of time to respond to the Complaint [DE 19]. This Court granted the motion and set a response date of June 28, 2010 [DE 20]. On June 2, 2010, Defendant moved to substitute non-party AT&T Intellectual Property II, L.P. ("AT&T") in its place, as VXI had transferred its interest in the patent at issue to

AT&T on May 26, 2010 [DE 23].  AT&T filed an Answer and Counterclaim against Plaintiffs [DE 24].  On June 3, 2010, Defendant VXI moved to dismiss this action based upon its transfer of its patent rights to AT&T, attaching a declaration in support of the motion.  On June 8, 2010, Plaintiff filed a Notice of Voluntary Dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) [DE 30].  VXI filed an objection to the Notice.  All pending issues are now ripe for adjudication.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(i) states that a plaintiff may unilaterally dismiss an action without prejudice by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Plaintiffs have attempted to invoke this clause in this action.  Defendant opposes this relief on two grounds.  First, VXI asserts that the filing of its motion to substitute and AT&T's answer precludes Plaintiff from filing a dismissal without prejudice.  In the alternative, VXI asserts that its own motion to dismiss, which also references Rule 56 regarding summary judgment, precludes a dismissal without prejudice.

### A.  Answer of AT&T

Defendant seeks to substitute AT&T Intellectual Property, Inc. as the proper defendant pursuant to Rule 25(c) and VXI's transfer of its patent rights to AT&T.  Before Plaintiffs responded to the motion on its merits, they sought to dismiss this action without prejudice.  Plaintiffs argue that the motion to substitute is moot given their voluntary dismissal of VXI.

Defendant argues pursuant to Trombino v. Transit Cas. Co., 110 F.R.D. 139 (D.R.I. 1986), that this Court lacks discretion under Rule 25(c) to deny substitution, in

that a court only has discretion to decide whether the matter would continue against the original party. 110 F.R.D. at 147 (reading Rule 25(c) in conjunction with the "command of Fed. R. Civ. P. 17(a) that 'every action shall be prosecuted in the name of the real party in interest'"). However, Trombino was not a situation where a plaintiff had decided to dismiss its action rather than continue against a different defendant. This Court notes that the Trombino decision ultimately was decided under Rule 19(b). 110 F.R.D. at 148.

Although both sides accuse each other of forum-shopping, this Court sees nothing untoward or unfair in allowing a plaintiff to unilaterally decide that it does not want to sue a party other than the proper defendant it chose to sue. When Plaintiff filed its action, Defendant VXI was the owner of the patent at issue. After Plaintiff sued, VXI decided to transfer its interests to AT&T. The filing of a motion to substitute by VXI and an answer by AT&T should not eliminate Plaintiff's right to choose whom to sue. AT&T does not become an "opposing party" until the Court grants the motion to substitute. This Court concludes that the filing of an answer by non-party AT&T does not preclude Plaintiff from seeking a dismissal without prejudice under Rule 41(a)(1)(A)(i). The motion to substitute is therefore moot.

### B. Motion to Dismiss with Attached Declaration

Defendant asks this Court to reject Plaintiff's attempt to dismiss this action without prejudice because it filed a motion to dismiss which attached a declaration stating that VXI transferred its patent rights to AT&T. Defendant relies upon Tesma v. Maddox-Joines, Inc., 254 F.R.D. 699 (S.D. Fla. 2008) and Ortiz v. D&W Foods, Inc., 657 F. Supp. 2d 1328 (S.D.Fla. 2009), for the proposition that this Court **must** convert the motion to dismiss to one for summary judgment, thus precluding Plaintiffs' right to unilaterally dismiss this action under Rule 41(a)(1). In Tesma, after a defendant moved

3

to dismiss an action as frivolous and plaintiff opposed the motion, the plaintiff filed a Notice of Voluntary Dismissal With Prejudice, which the court construed as a motion pursuant to Rule 41(a)(2).  254 F.R.D. at 700.  The original motion to dismiss specifically requested conversion to a motion for summary judgment and included documents to show that the plaintiff did not work for the defendant during the statute of limitations period governing the Fair Labor Standards Act claim.  Id.  Because both parties included documents outside the complaint, the Court, without discussion, construed the motion to dismiss as a motion for summary judgment.  Id. at 701.  The Court concluded that although dismissal with prejudice was warranted under Rule 41(a)(2), as plaintiff's claim lacked any merit, it conditioned dismissal upon the plaintiff's payment of defendant's reasonable costs and attorney's fees.  Id. at 702.[1]

This case is factually different than both Tesma and Ortiz.  Both of the motions to dismiss or for summary judgment in those cases attached documents evidencing that the claims had no merit even before they were filed.  In both cases the claims were frivolous on the merits.  In the present action, it is clear that Plaintiff sued the correct party in VXI with a non-frivolous claim, but VXI made a business decision to transfer its patent rights to a non-party.  VXI was certainly within its rights to do so, and to move to dismiss itself from this action.  However, in reading its motion at docket entry 27, this Court agrees with Plaintiff that VXI is essentially arguing the lack of a case or controversy under Rule 12(b)(1), regardless of the title of the motion.  Under the facts of this case, Plaintiff was within its rights to voluntarily dismiss the action against VXI

---

[1] In Ortiz v. D&W Foods, Inc., 657 F. Supp. 2d 1328 (S.D.Fla. 2009), the district court awarded fees against Plaintiff's counsel in a similar fact pattern.  In an FLSA action, Defendant moved to dismiss or in the alternative for summary judgment on the grounds that defendant's business was too small to be covered under the FLSA. 657 F. Supp. 2d at 1330.  Plaintiff then sought dismissal with prejudice pursuant to Rule 41(a)(2).

without prejudice, as the motion had not yet been converted into a motion for summary judgment before it became moot.

### III.  CONCLUSION

Therefore, the Court will allow Plaintiff to dismiss this action without prejudice under Rule 41(a)(1)(A)(i).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Substitute Party [DE 23] Defendant's Motion to Dismiss [DE 27] are hereby **DENIED as moot**;

2. Plaintiffs' Notice of Voluntary Dismissal [DE 30] is deemed timely filed;

3. This matter is **DISMISSED without prejudice**;

4. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of July, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:
counsel of record